IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER J. BOYER,

                Plaintiff,

v.

RANDALL ZAIS and WIS. STATE PATROL,

                Defendants.

OPINION and ORDER

24-cv-401-jdp

---

Plaintiff Christopher J. Boyer, proceeding without counsel, alleges that defendant Randall Zais, a Wisconsin state trooper, illegally seized him, used excessive force on him, and coerced him to talk against his will during a traffic stop. Even though Boyer paid the filing fee, I will screen the complaint to ensure that it states a claim for which this court may grant relief. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). I will dismiss the complaint because it's clearly deficient, but I will allow Boyer to amend the complaint to fix the problems with his illegal seizure, excessive force, and Wisconsin-law claims. But I will not allow Boyer to replead his claim that Zais violated his right against self-incrimination.

ALLEGATIONS OF FACT

At this point in the case, I accept the facts alleged in the complaint as true. Defendant Zais pulled Boyer over and told him that he stopped him for illegally tinted windows. Zais told Boyer to roll down his windows, but Boyer declined. Boyer tried to give Zais his license and insurance information so that he could issue a window tint citation, though it's unclear from the complaint how Boyer tried to take that action. Zais refused to take Boyer's information,

instead ordering him to exit the vehicle and telling him that he would break the windows if he didn't.

Zais was standing so close to Boyer's door that he couldn't open it. Boyer told Zais that he would exit if he gave him room to do that. Nondefendant Gilltrap, another state trooper, told Zais to step back. Boyer exited the vehicle when Zais stepped back, and Zais handcuffed him. The handcuffs were so tight that they made Boyer's fingers tingle and left marks that were visible eight hours later.

Boyer was placed in Zais's vehicle, and he invoked his Fifth Amendment rights. Zais questioned, harassed, and threatened to arrest Boyer for obstruction while he remained silent. Boyer re-invoked his Fifth Amendment rights and told Zais to issue the citation, but Zais continued that conduct. A short while later, Zais told Gilltrap that he was taking Boyer to jail for obstruction. Because he feared arrest, Boyer told Zais that he would answer his questions. Zais then issued window tint citations and released Boyer.

## ANALYSIS

### A. Fifth Amendment

The Fifth Amendment privilege against self-incrimination provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend V. "[A] self-incrimination violation occurs (if at all) when a suspect's unlawfully obtained inculpatory statement is used against him in a criminal case." *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018).

Boyer alleges that Zais questioned, harassed, and threatened to arrest him for obstruction even though he had invoked his right to remain silent. But Boyer hasn't alleged

2

that Zais coerced him to make a statement that was used against him in a criminal proceeding. In fact, the forfeiture actions for the citations that Zais issued were civil. *See* St. Croix County Case Nos. 2023TR3026, 2023TR3025, 2023TR3024; *State v. Schneck*, 2002 WI App 239, ¶ 5. I will not allow Boyer to proceed on a Fifth Amendment claim. I will not allow Boyer to replead this claim in the amended complaint because it is futile.

B. **Fourth Amendment**

1. **Tight handcuffing**

An officer's use of excessively tight handcuffs on a suspect can be excessive force in violation of the Fourth Amendment. *Day v. Wooten*, 947 F.3d 453, 462 (7th Cir. 2020). To be liable, the officer must knowingly use the handcuffs in a way that would inflict unnecessary pain or injury. *See Howell v. Smith*, 853 F.3d 892, 900 (7th Cir. 2017); *Day*, 947 F.3d at 462. A suspect's mere complaint that handcuffs are too tight isn't enough to show that the officer's application of them is excessive force. *See Day*, 94 F.3d at 462.

Boyer alleges that Zais's use of handcuffs caused his fingers to tingle and left marks that were visible eight hours later. This bare allegation isn't enough to infer that Zais's use of the handcuffs injured or caused him pain, much less that Zais thought that to be the case.

2. **Illegal seizure**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend IV. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The Fourth Amendment permits brief traffic stops if an officer has a "reasonable suspicion" of a traffic violation. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021). "A detour that prolongs the stop violates the

Fourth Amendment unless the officer has reasonable suspicion of other criminal activity to independently justify prolonging the stop." *Id.* at 428.

Boyer alleges that he twice told Zais to issue a window tint citation during the traffic stop. These allegations don't suggest that Zais lacked a reasonable suspicion to pull Boyer's vehicle over. I take Boyer to contend that Zais unjustifiably prolonged the stop.

Boyer alleges that Zais ordered him to roll down his windows, provide license and insurance information, and exit the vehicle. These activities fall within the scope of a traffic stop and, by themselves, don't suggest that Zais unjustifiably prolonged it. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle . . . ."); *Cole*, 21 F.4th at 428 ("Typically, the ordinary inquiries incident to a traffic stop involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance.").

Boyer's position seems to be that Zais transformed the traffic stop into an arrest by handcuffing him, putting him in his police vehicle, and coercing him to talk. "Police restraint may become so intrusive that, while not technically an arrest, it becomes tantamount to an arrest requiring probable cause." *United States v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011). I will assume for screening that Zais subjected Boyer to an effective arrest requiring probable cause. The issue is whether Zais had probable cause for the arrest. Probable cause means that the circumstances that an officer is aware of are enough for a prudent person to believe that the suspect has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016).

Boyer's allegations aren't enough to infer that Zais lacked probable cause for the arrest.

4

Boyer alleges that he refused to roll down his tinted window, which was necessary for Zais to safely issue the traffic citation. *Cf. United States v. Jackson*, 300 F.3d 740, 746 (7th Cir. 2002); ("[O]fficers [conducing investigatory stops] are permitted to take reasonable steps to insure their own safety."); *State v. Reed*, 2005 WI 53 ¶ 21 n.3 (noting that the offense of obstructing an officer generally includes conduct by a defendant that knowingly that makes it more difficult for an officer to perform an official act). Furthermore, Boyer alleges that he didn't initially exit the vehicle as Zais lawfully instructed him to do. Boyer alleges that he couldn't open the door because Zais was standing to close to it, but it's clear from his allegations that he was arguing with Boyer about exiting the vehicle. As drafted, the complaint indicates that Zais had probable cause to arrest Boyer for obstruction. I will not allow Boyer to proceed on an illegal seizure claim.

**C. Improper defendant**

I will not allow Boyer to proceed against defendant Wisconsin State Patrol because it isn't a proper defendant in a § 1983 action. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

**D. State-law claims**

Boyer alleges that Zais violated Wisconsin statutes, but he doesn't specify the statutes or otherwise explain how Zais's conduct violated state law. Boyer's allegations aren't enough to state a violation of Wisconsin law. *Cf. See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). Boyer is free to assert state-law claims in his amended complaint, but he will have to identify and explain the basis of those claims. Boyer will also

have to show that he complied with Wisconsin's notice of claim requirements under Wis. Stat. § 893.82 *before* he filed this lawsuit.

**E. Conclusion**

I will allow Boyer to file an amended complaint that fixes the problems with his illegal seizure, excessive force, and state-law claims. In drafting his amended complaint, Boyer must:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Boyer must take care to allege what each defendant did, or failed to do, to violate his rights.

- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Boyer believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Christopher J. Boyer's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until October 7, 2024, to submit an amended complaint that fixes the problems with his illegal seizure, excessive force, and state-law claims.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a

supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

7. The clerk is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered September 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge