IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER J. BOYER,

                      Plaintiff,

v.

RANDALL ZAIS and WIS. STATE PATROL,

                      Defendants.

OPINION and ORDER

24-cv-401-jdp

---

Plaintiff Christopher J. Boyer, proceeding without counsel, alleged that defendant Randall Zais, a Wisconsin state trooper, illegally seized him, used excessive force on him, and coerced him to talk against his will during a traffic stop. Even though Boyer paid the filing fee, I screened the complaint to ensure that it stated a claim for which this court could grant relief. Dkt. 7; *see Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). I dismissed the complaint because it was clearly deficient, but I allowed Boyer to amend the complaint to fix the problems with his illegal seizure, excessive force, and Wisconsin-law claims. Boyer has filed an amended complaint, Dkt. 10, but its allegations are materially similar to those in the original complaint and it fails to fix the problems with that pleading. I will dismiss the amended complaint for failure to state a claim, and I will not allow further amendment because it would be futile.

ALLEGATIONS OF FACT

At this point in the case, I accept the facts alleged in the amended complaint as true. Defendant Zais pulled Boyer over "for what he thought was illegal window tint." *Id.* at 5. Boyer rolled down his passenger's-side window three inches to talk to Zais as he neared the vehicle, but Boyer refused Zais's order to roll down the window completely. Zais then walked to the

driver's side of the vehicle, and Boyer rolled down that window three inches so he could give Zais his driver's license and insurance information. Boyer told Zais to issue the citation so that Boyer could leave. Zais refused Boyer's information and ordered him to exit the vehicle, threatening to break the window to remove Boyer if he didn't comply. Zais was scared and told Boyer that he would prefer to remain in the vehicle "unless there [was] a case for officer safety." *Id.* Zais continued to act aggressively, and Boyer "instructed" him that "if it [was] for officer safety" he would exit the vehicle. *Id.* Once Zais said that it was for officer safety, Boyer told him that he would exit if Zais gave him the space that he needed. Zais was standing one inch from the door.

After Boyer exited, Zais aggressively handcuffed him and put him in the back of his police SUV. Zais told Boyer that he was going to take him to jail for obstruction. Zais didn't ask Boyer for his driver's license or if he had "a legal prescription for window tint." *Id.*

Boyer invoked his right to remain silent. Zais continued to ask him the same questions and threatened to take him to jail for obstruction. Zais behaved aggressively toward another officer and Boyer feared going to jail, so Boyer eventually answered Zais's questions. Zais then issued three window tint citations and released Boyer.

ANALYSIS

I take Boyer to bring illegal seizure and tight handcuffing claims under the Fourth Amendment, and a state-law claim under Wis. Stat. § 947.013. Boyer seeks damages.

A. **Fourth Amendment claims**

   1. **Tight handcuffing claim**

   An officer's use of excessively tight handcuffs on a suspect can be excessive force in violation of the Fourth Amendment. *Day v. Wooten*, 947 F.3d 453, 462 (7th Cir. 2020). To be liable, the officer must knowingly use the handcuffs in a way that would inflict unnecessary pain or injury. *See Howell v. Smith*, 853 F.3d 892, 900 (7th Cir. 2017); *Day*, 947 F.3d at 462. A suspect's mere complaint that handcuffs are too tight isn't enough to show that the officer's application of them is excessive force. *See Day*, 94 F.3d at 462.

   Boyer's bare allegation that Zais aggressively handcuffed him doesn't suggest his use of the handcuffs injured Boyer or caused him pain, much less that Zais thought that to be the case. I will not allow Boyer to proceed on the tight handcuffing claim.

   2. **Illegal seizure claim**

   The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend IV. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a seizure under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The Fourth Amendment permits brief traffic stops if an officer has a "reasonable suspicion" of a traffic violation. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021). "A detour that prolongs the stop violates the Fourth Amendment unless the officer has reasonable suspicion of other criminal activity to independently justify prolonging the stop." *Id.* at 428.

   Boyer's allegations don't suggest that Zais lacked a reasonable suspicion that his window tint was illegal. Boyer alleges that his windows were tinted, that Zais thought that the window tint was illegal, and that he told Zais to issue a citation. Even if it was later determined that

the window tint was lawful, that determination wouldn't show that Zais lacked a reasonable suspicion that the window tint was illegal when he stopped Boyer's vehicle. *See United States v. Bullock*, 632 F.3d 1004, 1012 (7th Cir. 2011) ("When determining whether an officer had reasonable suspicion, courts examine the totality of the circumstances known to the officer *at the time of the stop* . . . ." (emphasis added)).

Boyer contends that Zais unjustifiably "prolonged the scope and duration of the traffic stop." Dkt. 10 at 5. Boyer further contends that Zais should have issued a citation and allowed him to leave. *See id.* But Boyer's allegations show that the stop was lawful. It's clear from Boyer's allegations that he refused Zais's order to roll down the window completely and argued with him about exiting the vehicle. Zais's ordering Boyer to roll down the tinted window completely and exit the vehicle were within the scope of a traffic stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 ("[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle . . . ."); *United States v. Newell*, 596 F.3d 876, 880 (8th Cir. 2010) ("The officers were not required to hope Newell was not arming himself behind the heavily-tinted windows while they asked him to roll down the window or step out of the Cadillac."); *United States v. Jackson*, 300 F.3d 740, 746 (7th Cir. 2002); ("[O]fficers [conducting investigatory stops] are permitted to take reasonable steps to insure their own safety.").

By the same token, Boyer's refusal to comply with Zais's lawful orders and his defiant behavior show that Zais had probable cause to arrest him for obstruction. *See State v. Reed*, 2005 WI 53 ¶ 21 n.3 (noting that the offense of obstructing an officer generally includes conduct by a defendant that knowingly makes it more difficult for an officer to perform an official act). So, even if putting Boyer in the SUV amounted to an arrest, Zais had a lawful

4

basis to carry out that action. Boyer faults Zais for questioning him against his will, but he doesn't specify what Zais said or how long the questioning lasted. This vague allegation doesn't suggest that the alleged arrest was unlawful. (If Boyer seeks to bring a Fifth Amendment claim based on this allegation, I will not consider it because I didn't allow him to replead that claim.) I will not allow Boyer to proceed on the illegal seizure claim.

B. **Improper defendant**

Boyer names the Wisconsin State Patrol as a defendant. I will not allow Boyer to proceed against this entity because, as I've explained, it isn't a proper defendant in a civil rights action. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

C. **State-law claim**

I will not allow Boyer to proceed on his claim under Wis. Stat. § 947.013 because it's a criminal statute that doesn't create a private right of action. *Lavela v. Peterson*, No. 23-cv-483-jdp, 2023 WL 9596091, at *2 (W.D. Wis. Sept. 26, 2023).

D. **Conclusion**

The amended complaint's allegations are materially similar to those in the original complaint and they fail to support his claims. I will dismiss the amended complaint with prejudice because further amendment would be futile.

ORDER

IT IS ORDERED that:

1. Plaintiff Christopher J. Boyer's amended complaint, Dkt. 10, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. The clerk is directed to enter judgment and close the case.

Entered November 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge